IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LILLIE MIMS, *et al.*, | : | |
| Plaintiffs, | : | |
| | : | |
| | : | |
| vs. | : | CIVIL ACTION 13-643-KD-M |
| | : | |
| MONROE COUNTY BOARD | : | |
| OF EDUCATION, *et al.*, | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

The Defendants' Motion to Dismiss and For More Definite Statement (Doc. 4) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. After consideration of the pleadings, said Motion to Dismiss, Plaintiffs' Response thereto and Defendants' Reply, it is recommended that Defendants' Motion to Dismiss and For More Definite Statement be denied in part and granted in part.

I. FACTS AND PROCEEDINGS

The facts are, briefly, as follows. Plaintiff Lillie Mims filed two EEOC Charges of Discrimination, the first for race discrimination bearing the number 420-2012-02902 and the second, for race discrimination and retaliation bearing the number 420-2013-00072, against the Monroe County Board of Education (the Board). (Docs. 4-1, 4-3 at

1, 1). The EEOC investigated both charges and found that "the information obtained establishes [no] violations of the statutes" for either charge. (Docs. 4-2, 4-3 at 1, 1). On September 26, 2013, the EEOC mailed to Plaintiff Mims two separate Dismissal and Notice of Rights letters (hereinafter "right to sue letter"), stating their conclusions for each charge, and informing her of her right to sue the Board within ninety (90) days of her receipt of each right to sue letter. (*Id.*).

On December 30, 2013, Plaintiffs filed their Complaint consisting of three causes of action seeking redress from unlawful employment practices under Title VII, the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), and the Fourteenth Amendment as enforced by 42 U.S.C. § 1983, and under 42 U.S.C. § 1981 through declaratory judgment pursuant to the provisions of 28 U.S.C. § 2201. (Doc. 1). The first two causes of action allege the Title VII claims,[1] and the third cause of action

[1] In the Motion, Defendants note that although both Plaintiffs Mims and Turner filed EEOC charges, the Complaint only mentions the EEOC charges filed by Plaintiff Mims. (Doc. 4 at 2, n. 1). In their Response in Opposition to Defendants' Motion, Plaintiffs concede that the Complaint was filed more than ninety days after Turner received her right to sue letter from the EEOC. (Doc. 7 at 1). (The right to sue letter was mailed to Turner on May 2, 2013, so presumably, she received the letter on Monday, May 6, 2013, with the ninety-day limitations period ending

alleges claims of "equal protection of the law as enforced by Title 42 U.S.C. §§ 1981 and 1983." (Doc. 1 at 9-11).

Defendants filed their Motion to Dismiss and For More Definite Statement alleging that the first two Title VII causes of action are due to be dismissed as untimely because they were filed outside of the ninety day limitations period set out in Plaintiffs' right to sue letters issued by the EEOC. (Doc. 4 at 2-3). Defendants also request a more definite statement for Plaintiff's third cause of action alleging that a § 1981 claim and an Equal Protection claim as enforced by § 1983 are two separate causes of action and should not be joined in one single count. (Doc. 4 at 3).

II. DISCUSSION

a. Motion to Dismiss Standard

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need

---

on Monday, August 5, 2013. *See* n. 2, infra.) The Court treats this concession as a voluntary dismissal of Plaintiff Turner's Title VII claim and instructs the Clerk to amend the docket sheet to reflect such. Hence forward, the Court will address the limitations period as to Plaintiff Mims' Title VII claims only.

detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Factual allegations, on the assumption that all allegations in the complaint are true, must be enough to raise a right to relief above the speculative level and state a claim for relief that is plausible on its face. *Id.* at 555, 570.

The Court accepts all facts as true and limits its consideration to the pleadings and exhibits attached thereto. *Abraham v. Greater Birmingham Humane Soc'y, Inc.*, No. 2:11-CV-4358-SLB, 2014 WL 1043230, *1 (N.D.Ala. Mar. 17, 2014)(*citing Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(citation omitted). Without converting it to a motion for summary judgment, the Court may consider facts outside the pleadings in resolving a motion to dismiss where the parties were given sufficient opportunity to develop the record and the authenticity of the documents considered is undisputed. *Rogers v. Shinseki*, No. CV 112-194, 2014 WL 1093147, at *4 (S.D.Ga. Mar. 18, 2014)(*citing Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010)(citation

omitted); *see also Judkins v. Saint Joseph's Coll. of Me.*, 483 F.Supp.2d 60, 62 (D.Me. Apr. 20, 2007)(determining the EEOC charge and other EEOC documents could be considered on a motion to dismiss). All reasonable inferences are drawn in favor of the plaintiff; however, unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. *Abraham,* 2014 WL 1043230 at *1 (*citing Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003)(citation omitted).

b. Statute of Limitations

"A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint." *Abraham,* 2014 WL 1043230 at *1 (*citing La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)(citation omitted). Accordingly, "[d]ismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Id.* (*citing Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 (11th Cir. 2005) (citation omitted).

In order for Plaintiff Mims to maintain her Title VII claims, she has the initial burden of establishing that she filed her Complaint within ninety days of receiving the

EEOC's right to sue letter. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002); *see also* 42 U.S.C. § 2000e-5(f)(1); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000). "Once the defendant contests this issue, the plaintiff has the burden of establishing that [she] met the ninety day filing requirement." *Green* at 1234 (*citing Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982). "Following clearly established Eleventh Circuit precedent, the determination of what actions constitute a Title VII plaintiff's 'receipt' of a right to sue letter must be decided based on the individual characteristics of a given fact pattern." *Henderson v. NCO Fin. Sys.*, No. CA-09-769-CG-C, 2010 WL 1382737, at *4 (S.D.Ala. Mar. 12, 2010); *see also Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086 (11th Cir. 1982)(determination of when an EEOC letter is received is on a case-by-case basis and ninety day clock started running upon the arrival of the letter to the address provided by the would-be plaintiff); *Law v. Hercules*, 713 F.2d 691 (11th Cir. 1983)(declining to establish an "actual receipt rule" which would begin the clock when plaintiff *claims* to have become aware of the letter, because to do so would foster a manipulable open-ended time extension which would render the statute of limitation meaningless).

Defendants contend that Plaintiff's Title VII claims must have been filed within ninety days of receiving her right to sue letters from the EEOC, which were *mailed* to Plaintiff on September 26, 2013. (Doc. 4 at 2). Plaintiff Mims filed her claims on December 30, 2013 (Doc. 1), which date Defendants assert is outside her ninety-day window to file. In response, Plaintiff merely states that her claims were timely filed, but she does not offer any evidence or argument as to *when* she received her EEOC right to sue letters.

Without proof of when Mims received her right to sue letters, the Court presumes that the date on which Mims received her letter was Monday, September 30, 2013, three days from when the letters were mailed.[2] *See* Fed. R. Civ. P. 6(e); *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 150 n. 1 (1984); *Henderson,* 2010 WL 1382737, at *5 (collecting cases and stating that "'when a plaintiff does not assert that he or she received the right to sue letter

[2] September 29, 2013 is technically three days from the date the EEOC mailed the right to sue letter; however, September 29th is a Sunday and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure states that "if the last day [of the limitations period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Thus, Monday, September 30, 2013 is the day on which Plaintiff is deemed to have received her right to sue letter.

on a specific date, the Court presumes the plaintiff received the letter three days after it was mailed,' which clearly is an estimation of how long the letter may have taken to reach the specified address"). Excluding the day of the event that triggers the limitations period, FED. R. CIV. P. 6(1)(1)(A), and counting ninety days from October 1, 2014, the last day on which Plaintiff could file her Title VII claims would be Sunday, December 29, 2013; thus applying Rule 6(a)(1)(C), *see* n. 2 *supra*, the last day on which Plaintiff may file rolls over to Monday, December 30, 2013, which is the day she filed. Accordingly, it appears from the face of the Complaint that Plaintiff's Title VII claims are timely filed.

c. Request for More Definite Statement

Defendants request the Court to order Plaintiffs to amend their third cause of action because it potentially contains two separate causes of action. Though Plaintiffs contend, and the Court agrees, that the Complaint is compliant with the Federal Rules of Civil Procedure, it would nonetheless be helpful for the Court, and Defendants, if Plaintiffs better defined their third cause of action. Accordingly, it is recommended that the balance of the Motion be granted and Plaintiffs be ordered to amend their Complaint as follows. As for the first two counts,

Plaintiffs' counsel is instructed to refer only to the Title VII claims as they relate to Plaintiff Mims. As for the third claim, Plaintiffs' counsel is instructed to amend the Complaint in such a fashion that would indicate whether they are alleging one cause of action under the Equal Protection Clause, §§ 1981 and 1983, claiming relief in the alternative or alleging more than one cause of action under those statutes. If more than one cause of action is being alleged, Plaintiffs are ordered to separate out those causes of action into separate counts, and include the facts surrounding each alleged basis of relief. Plaintiffs' counsel is also ordered to clearly indicate, by name, which claims pertain to which Plaintiffs instead of using "Plaintiffs" throughout the entire Complaint. Lastly, Plaintiff's counsel is instructed that the Amended Complaint shall fully contain all of the claims on which they intend proceed, as it will wholly supersede the original Complaint. *See* FED. R. CIV. P. 10(b).

## III. CONCLUSION

In conclusion, based on the record before it, the Court concludes that Defendants' Motion to Dismiss is due to be denied in part and granted in part. Specifically, it is recommended that the Motion be denied as to the timeliness of Plaintiff Mims' Title VII claims; it is

further recommended that the balance of the Motion be granted, and Plaintiffs are hereby ordered to amend their Complaint as instructed in subsection "c." of this Report.

Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 20th day of May, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE